**Ida M. SMITH et al.**

v.

**Raymond F. BELAIR et al.**

**Civ. A. 55-564.**

United States District Court

D. Massachusetts.

Nov. 17, 1955.

John O. Parker, Ely, Bartlett, Thompson & Brown, Boston, Mass., for plaintiff.

Kenneth C. Parker, Parker, Coulter, Daley & White, Boston, Mass., for Boston Fuel Transp., Inc. & Hartford Accident & Indem. Co.

Anthony Julian, U. S. Atty., Andrew A. Caffrey, Asst. U. S. Atty., Boston Mass., for the Deputy Commissioner.

Thomas H. Walsh, Boston, Mass., for Reinauer Oil Transp., Inc.

WYZANSKI, District Judge.

This case is before me on plaintiffs' motion for a summary finding and disposition, filed October 31, 1955, and on the motion of defendant deputy commissioner for summary judgment, filed on the same day, as well as on other motions not requiring restatement here.

On June 24, 1955 plaintiff filed in this Court a proceeding to review the two compensation orders and rejections of claims entered administratively by defendant deputy commissioner on June 6, 1955. These orders and rejections were in two separate matters—one on behalf of the survivors of Fred Smith against Reinauer Oil Transport, Inc. and the other for the same claimants against Boston Fuel Transportation, Inc. and Hartford Accident & Indemnity Co. Both matters were based on the same accident resulting in the death of Fred Smith.

Upon the basis of testimony taken before him the deputy commissioner found as a fact that at the time of his death Smith was in the employ of Reinauer Oil Transport, Inc. and was a member of the crew of the vessel, Harold Reinauer. The deputy commissioner concluded that Smith was therefore outside the coverage of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

It is the contention of plaintiffs that on the administrative record considered as a whole there was no substantial evidence to warrant the deputy commissioner's finding that at the time of his injury and death Smith was an employee of Reinauer and was a member of the crew of the Harold Reinauer, and that on this ground the conclusion of the deputy commissioner should be set aside. It is the plaintiffs' further contention that this Court should make an independent and *de novo* scrutiny of the issue whether at

the time of his injury and death Smith was an employee of Boston Fuel Transportation, Inc. Plaintiffs are content to have this scrutiny on the basis of the evidence taken before the deputy commissioner and submitted by plaintiffs as though such evidence were taken *de novo* before this Court. Plaintiffs assert that such independent scrutiny will lead this Court to find that at the time of his death Smith was an employee of Boston Fuel Transportation, Inc. If the Court does make this finding plaintiffs ask the Court then to send the case back to the deputy commissioner for him to make an award to plaintiffs pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

Having studied the full testimony before the deputy commissioner, and having considered the findings of fact and order issued by the deputy commissioner, this Court rules as a matter of law that (1) on the record as a whole the substantial evidence warranted the deputy commissioner's finding and conclusion that Smith at the time of his death was acting as an employee of Reinauer and was a member of the crew of the Harold Reinauer; and (2) the motion of the defendant deputy commissioner for summary judgment should therefore be granted and a trial *de novo* should be refused upon the issue tendered by plaintiffs.

There was a conflict of testimony before the deputy commissioner. Yet he could reasonably have made these findings on the record as a whole. On December 2, 1953 Smith joined the vessel, Harold Reinauer, as a crew member. This status continued until his death on December 12, 1953. At 6 p. m. on that day many members of the crew went home pursuant to optional leave granted them. Smith could have gone home but instead he chose to remain on duty as a member of the crew. After 6 p. m. he was given duties which were entirely consistent with those of a member of the crew—safeguarding the ship, keeping up its batteries, seeing that the vessel was not fouled by other ships, and following instructions by the chief engineer with respect to water in the boiler and the switching of lights and motors. For these duties he was to be paid at the rates he had been paid previously. The books of Reinauer were kept on the basis on his being a member of the crew.

There was testimony which went in an opposite direction. Most of this contrary testimony came from Vincent E. Tibbetts, an interested witness and one relatively unfamiliar with the specific situation in which the decedent found himself. Tibbetts was a witness whom the deputy commissioner was not required to believe, and whom he seems not to have believed.

Inasmuch as the deputy commissioner could reasonably have concluded upon the record as a whole that the decedent was a member of the crew of the Harold Reinauer, this Court cannot set aside that determination and make its own finding *de novo* on the evidence before the deputy commissioner. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732.

Since the commissioner's finding and conclusion that Smith was an employee of Reinauer and was a member of the crew of the Harold Reinauer are binding upon this Court, this Court cannot circumvent that conclusion by considering afresh the other, necessarily inconsistent, issue tendered by plaintiffs to the effect that the decedent was an employee of Boston Fuel Transportation, Inc.

Defendant's motion for summary judgment is granted. Plaintiffs' motion for summary finding and disposition is denied. Plaintiffs' motion for new trial on jurisdictional issues is likewise denied. Defendant's motion to dismiss is denied as moot.